IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John A. Blessing, *et al.*,                                             Case No: 3:06CV01536

        Plaintiff,

v.                                                                                       ORDER

United Steel, Paper and Forestry, Rubber,
      Manufacturing, Energy, Allied Industrial and
      Service Workers International Union, *et al.*,

        Defendants.

This is a breach of contract and duty of fair representation case in which the plaintiffs, workers at the Kingsway, Ohio, plant operated by the defendant Kelsey-Hayes Company [Kelsey-Hayes] allege that closure of the plant violated a 1996 Memorandum of Agreement [MoA] with the plaintiffs' union, Local 1915 of the United Steel Workers Union (USW). Plaintiffs also allege that the union breached its duty to fairly represent the plaintiffs.

Pending is the company's motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss counts one, two, four, and seven of plaintiff's complaint. The union joins in the company's motion. Also pending is plaintiff John Blessing's motion for a preliminary injunction.

For the following reasons, the defendants' motion to dismiss will be granted, and plaintiffs' motion for a preliminary injunction will be dismissed as moot.

**Factual Background**

Defendant Kelsey-Hayes unilaterally closed the Kingsway plant, which manufactured brakes, suspension, and other automotive components, in 2006. Ten years earlier Kelsey-Hayes and the union had entered into the MoA, which allowed USW to make decisions and suggestions

about daily working conditions in the plant. Named plaintiff John Blessing alleges the MoA established the Kingsway, Ohio Plant as a "joint-venture" between Kelsey-Hayes and USW, such that Kelsey-Hayes relinquished its unilateral right to close the plant.

In 2002 USW also entered into a collective bargaining agreement ("CBA") with Kelsey-Hayes. The CBA included a provision for Kelsey-Hayes to close the plant in its "sole judgment." On the basis of this provision in the CBA, Kelsey-Hayes and USW seek to dismiss the majority of Plaintiff's counts.

### Standard of Review

When ruling on a 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted, the court must construe the complaint in a light most favorable to the nonmoving party. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). The nonmoving party's factual allegations are accepted as true. *Id.* The court determines only whether there is evidence to support the claims of the nonmoving party; the court does not determine whether the claims will prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). Dismissal is only appropriate if the court determines beyond doubt that the complaining party cannot prove any set of facts in support of the claims. *Pfennig v. Household Credit Servs.*, 295 F.3d 522, 525-6 (6th Cir. 2002) (citing *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)).

### Discussion

#### Count I: Breach of the Duty of Fair Representation

Plaintiffs allege in Count I that USW breached its duty of fair representation under the Labor Management Relations Act, 29 U.S.C. § 185, by wrongfully delaying review of the grievances filed by the plaintiffs, who alleged that the plant closing violated the MoA. Defendant

USW seeks to dismiss Count I, countering that there was no breach of the duty of fair representation because there was no breach by USW or Kelsey-Hayes of the MoA. This is so, the union argues, because under the CBA Kelsey-Hayes retained the right and ability to shut down the Kingsway plant unilaterally.

The CBA between Kelsey-Hayes and the USW Local Union No. 1915 (which was the plaintiffs' local at the plant) states: "When in the sole judgment of the Company, it decides to close permanently of the Kingsway, Ohio Plant. . . ." *See* 2002 Agreement at p. 87, ¶ 8. This is sufficient to conclude that Kelsey-Hayes possessed the unilateral right to close the plant, regardless of actions by the union. Because the union had no role to play in closing the plant, it did not, indeed it could not, breach a duty of fair representation by not preventing the closing.

Plaintiffs also claim USW failed to expedite or take necessary action in response to their grievances. Unions are not obligated to pursue all grievances; they have the discretion to decide which grievances have merit and will be arbitrated. *Williams v. Molpus*, 171 F.3d 360, 366-7 (6th Cir. 1999) (citing *Balowski v. UAW*, 372 F.2d 829, 834 (6th Cir. 1967) ("An action will not lie against a union for failure to process a grievance absent a showing of fraud, misrepresentation, bad faith, dishonesty of purpose or such gross mistake or inaction as to imply bad faith.")). Unwise decisions by the union do not alone establish a duty of fair representation breach; instead the actions of the union must be "wholly irrational." *Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 78, 111 S.Ct. 1127 (1991). The tardiness and eventual refusal of USW to pursue the grievances were not wholly irrational. Count I shall be dismissed.

**Count II: Violation of the Collective Bargaining Agreement**

Counts I and II compose a hybrid claim, inextricably linking together allegations that both defendants, the employer and the union, breached duties to the employees. To prevail on a hybrid claim, plaintiffs must show both a duty of fair representation violation by USW and a contract violation by Kelsey-Hayes. *DelCostello v. Teamsters*, 462 US 151, 164-5, 103 S.Ct. 2281 (1983). Plaintiffs have failed to show that USW has violated its duty of fair representation. Plaintiffs also fail to demonstrate a contract violation by Kelsey-Hayes.

Plaintiffs allege in Count II that Kelsey-Hayes violated the MoA by unilaterally closing the Kingsway plant. The plain language of the MoA, however, did not establish a joint venture between USW and Kelsey-Hayes to run the plant. The MoA gave control of daily operational decisions concerning the plant to USW, but at all times Kelsey-Hayes retained, as noted, the sole right to close the plant. This right was clearly established in the 2002 CBA; nothing in the MoA either explicitly or implicitly waived the "sole judgment" provision of the bargained agreement. Therefore, Kelsey-Hayes did not breach the MoA and Count II shall be dismissed.

### Count IV: Federal Common Law Estoppel

Plaintiffs allege in Count IV that not only did Kelsey-Hayes implicitly waive its right to close the plant unilaterally, Kelsey-Hayes also misled the employees by ceding to them and the union some decision-making capabilities.

A claim of promissory estoppel, such as that put forward in Count IV, cannot be asserted against the unambiguous terms of a collective bargaining agreement. *See UAW v. Loral Corp.*, 873 F. Supp. 57, 66 (N.D. Ohio 1994). The bargaining agreement is clear in affirming the "sole judgment" of Kelsey-Hayes to close the plant. The promissory estoppel claim is inapplicable because of the plain language of the collective bargaining agreement.

The promissory estoppel claim is also inapplicable because it asks this court to consider whether the bargaining was in good faith, a question which is within the exclusive jurisdiction of the National Labor Relations Board. Plaintiffs' claim of bad-faith bargaining is thus pre-empted. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773 (1959). *See also Serrano v. Jones & Laughlin Steel Co.*, 790 F.2d 1279, 1287 (6th Cir. 1986) ("Failure of an employer to bargain in good faith about terms and conditions of employment is not peripheral to the concerns of federal labor law."). Count IV shall be dismissed.

### Count VII: Civil Conspiracy

Civil conspiracy in Ohio is defined as "a malicious combination of two or more persons to injure another in person or property." *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419 (1995).

As this court has previously stated, conspiracy can only be alleged when there is also underlying wrongdoing that alone would create a cause of action. *Fitzgerald v. Roadway Express, Inc.*, 262 F. Supp.2d 849, 854 (N.D. Ohio 2003). Defendant USW cannot be held liable for civil conspiracy when its only alleged underlying wrong is inaction in pursuing plaintiffs' grievances. A civil conspiracy must involve unlawful action. *See Weberg v. Franks*, 229 F.3d 514, 526 (6th Cir. 2000). As Count I must be dismissed, Count VII shall be dismissed as to USW.

Plaintiffs charge that Kelsey-Hayes had no legitimate reason for closing the plant. Investigating the motives necessary for Kelsey-Hayes to close the plant would require a re-interpretation of the CBA establishing the prerogatives retained by Kelsey-Hayes. On its face, the CBA allows Kelsey-Hayes to close the plant, with no mention of motive. Federal labor law

does not allow a court to reinterpret bargaining agreements, and thus this court will not look beyond the face of the agreement. *Fitzgerald*, 262 F.Supp.2d at 854. Count VII shall be dismissed as against both defendants.

## Conclusion

Counts I, II, IV, and VII shall be dismissed. Counts III and VI have been voluntarily dismissed by the plaintiffs. Count V is the only remaining count.

Due to this result, the plaintiffs' motion for a preliminary injunction is moot.

It is accordingly

ORDERED THAT

1. Counts I, II, III, IV, VI, and VII of plaintiffs' complaint be, and the same hereby are dismissed; and

2. Plaintiffs' motion for a preliminary injunction be, and the same hereby is denied as moot.

3. A scheduling conference is set for October 16, 2006 at 2:00 p.m.

So ordered.

    s/James G. Carr
    James G. Carr
    Chief Judge